UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN ANTHONY BALAZINSKI, JR., et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| WEBSTER LINES, et al., | : |
| | : |
| Defendants. | : |
| | : |

CIVIL ACTION NO. 07-2121 (MLC)

**MEMORANDUM OPINION**

**THE PLAINTIFFS**, who are pro se, bring this action against several defendants and assert jurisdiction pursuant to 28 U.S.C. §§ ("Sections") 1331 and 1332.  (Dkt. entry no. 1, Compl.)  The defendants (1) Webster Lines, (2) Vast Management Inc., Sheree Leung, and Larry Leung ("Leung Defendants"), (3) Gary Singh, and (4) Yank Shoimer, Inessa Shoimer, and U&Y Inc. ("Shoimer Defendants") separately move for relief pursuant to Federal Rules of Civil Procedure 56 and 12(b) ("Separate Motions"), arguing that, inter alia, (1) the plaintiffs fail to show a genuine issue pursuant to federal law, and (2) there is no subject matter jurisdiction under Section 1332.  (Dkt. entry no. 51, Lines Br. at 18-20; dkt. entry no. 53, Leung Defs. Br. at 7-9; dkt. entry no. 54, Singh Br. at 4-7, 16-17; dkt. entry no. 59, Shoimer Defs. Br. at 2-3.)  The Court will address the Separate Motions without oral argument.  See Fed.R.Civ.P. 78(b).[1]

---

[1] The plaintiffs withdrew their claims against the defendant Harry Wyant — listed as "Mayor of Phillipsburg" — in June 2007. Due to this Court's oversight, the "Dismissal of Actions" was not placed on the docket until March 2009.  (See dkt. entry no. 73.)

**A JURISDICTIONAL CHALLENGE** is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal". Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004). The plaintiffs allege — and the Court has independently confirmed on the Westlaw database — that they are New Jersey citizens. (Compl. at 1.) It appears — pursuant to the plaintiffs' own allegations and the Court's own research on the Westlaw database — that the defendants Vasiliy Salygin, Natalia Salygin, the Leung Defendants, Yank Shoimer, and Inessa Shoimer are deemed to be New Jersey citizens. (Id. at 1-2; Leung Defs. Br. at 7; Shoimer Defs. Br. at 2; dkt. entry no. 65, Leung Defs. Reply Br. at 2.) Also, the plaintiffs have failed to properly allege the states wherein several corporate defendants are incorporated and have their principal places of business. See 28 U.S.C. § 1332(c)(1). Indeed, the plaintiffs' argument in response to the Separate Motions concerning the lack of subject matter jurisdiction under Section 1332 is not responsive. (Dkt. entry no. 63, 10-22-08 Pls. Br. in Opp'n at 12.)

**THE PLAINTIFFS** are not "citizens of different States" in relation to each defendant. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship under Section 1332 is a well-settled requirement. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "the statutory formulation 'between . . .

citizens of different States' to require complete diversity between all plaintiffs and all defendants"); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same). Further, "subject matter jurisdiction is never waived". Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004). There is no jurisdiction here under Section 1332. The Court is authorized to dismiss the Complaint if subject matter jurisdiction is lacking. See Fed.R.Civ.P. 12(h)(3). Therefore, the Court will (1) sua sponte dismiss the entire Complaint insofar as it asserts subject matter jurisdiction under Section 1332, and (2) deny the Separate Motions insofar as they concern lack of jurisdiction under Section 1332 as moot. The Court will now review the Complaint for subject matter jurisdiction under Section 1331.

**THE PLAINTIFFS** allege that they (1) rented an apartment ("Apartment"), (2) are entitled to recover damages for personal injuries suffered from inhaling fumes generated by a nearby gas station while living in the Apartment, and (3) no longer live in the Apartment. (See Compl.) The basis for the plaintiffs' allegations of subject matter jurisdiction under Section 1331 is difficult to discern. The plaintiffs appear to rely on:

(1) the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972 (Compl. at 5);

(2) the "Air Pollution Control Act", with no citation given (10-22-08 Pls. Br. in Opp'n at 8);

3

(3) the Ninth Amendment to the United States Constitution (Compl. at 53; dkt. entry no. 64, 10-24-08 Pls. Aff., Ex. J, Supplemental Resp. at 3-8); and

(4) the Fifth Amendment and the Fourteenth Amendment to the United States Constitution, based on a deprivation of "healthy and breathable air" (Compl. at 53-54; 10-22-08 Pls. Br. in Opp'n at 8, 13).

**THE COURT** has reviewed all of the plaintiffs' substantive legal submissions for support of a claim under federal law. (See, e.g., dkt. entry no. 9, 6-26-07 Pls. Br.; dkt. entry no. 58, 10-20-08 Pls. Request to Strike; dkt. entry no. 60, 10-20-08 Pls. Br. in Opp'n; 10-22-08 Pls. Br. in Opp'n; dkt. entry no. 64, 10-24-08 Pls. Request to Strike; dkt. entry no. 70, 11-14-08 Pls. Br.)

**FIRST**, a private cause of action for damages for personal injuries under the RCRA is barred.  The RCRA, pursuant to 42 U.S.C. § 6972(a), "merely allows an individual to enforce compliance with the RCRA and regulations issued thereunder.  There is no express or implied private cause of action to recover damages for personal injuries suffered as a result of violations of the RCRA."  Cabana v. Forcier, 148 F.Supp.2d 110, 114 (D. Mass. 2001) (concerning claim brought by truck driver against employer); see Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 152 (4th Cir. 1994) (stating — in claim to recover damages brought by residents near chemical plant — a compensatory damages remedy was

4

not available under the RCRA); Walls v. Waste Res. Corp., 761
F.2d 311, 316 (6th Cir. 1985) (stating same in action brought by
residents near a landfill); Polcha v. AT&T Nassau Metals Corp.,
837 F.Supp. 94, 96-97 (M.D. Pa. 1993) (stating "no private cause
of action for damages due to personal injury is expressly created
by [the] RCRA . . . and none is impliedly created", and "the
express language of [the RCRA] limits recovery and prohibits
recovery for personal injury, demonstrating a clear legislative
intent"); Milbut v. Hi-Score Plant Food Co., No. 91-2008, 1992 WL
396774, at *5 (E.D. Pa. Dec. 24, 1992) (stating, in action
brought by those inhaling phosphoric acid, that "plaintiffs
cannot assert a claim for damages under [the] RCRA").[2]

SECOND, the plaintiffs quote the "Air Pollution Control Act"
as prohibiting:

> the presence in the outdoor atmosphere of one or more
> air contaminants in such quantities and duration as are,
> or tend to be, injurious to human health or welfare, to
> animal or plant life, or to property, or would
> unreasonably interfere with the enjoyment of life or
> property.

(10-22-08 Pls. Br. in Opp'n at 8.)  The Court's own research
reveals that this language is from the New Jersey Air Pollution
Control Act.  See N.J.S.A. § 26:2C-2.  This state law does not
give rise to a federal claim, even if it uses language found in
the Fifth Amendment.

---

[2]  The plaintiffs have no standing to seek to enforce
compliance here, as they no longer live in the Apartment.

**THIRD**, a private cause of action for damages pursuant to the Ninth Amendment has not been recognized, as the Ninth Amendment confers no substantive rights for the purposes of a constitutional claim. Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986); Nicolette v. Caruso, 315 F.Supp.2d 710, 718 (W.D. Pa. 2003).

**FOURTH**, to assert a claim for damages pursuant to the Fifth Amendment and the Fourteenth Amendment, a plaintiff must allege that the challenged conduct (1) was committed by a party acting under color of state law, and (2) deprived the plaintiff of a right secured by the federal laws or Constitution. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). A party is subject to liability only when that party acts under color of state law, and thus a state government may be construed as being responsible for the specific conduct at issue. Mark v. Bor. of Hatboro, 51 F.3d 1137, 1141-42 (3d Cir. 1995). Also, "deciding whether there has been state action requires an inquiry into whether there is a sufficiently close nexus between the State and the challenged action of [defendants] so that the action of the latter may fairly be treated as that of the State itself". Id. at 1142 (quotes omitted); see Banks-Bennett v. O'Brien, 293 Fed.Appx. 108, 109 (3d Cir. 2008) (dismissing appeal from order dismissing claim brought under Due Process Clause of Fourteenth Amendment, as no indication that challenged conduct occurred under color of state law), cert. denied, No. 08-8404, 2009 WL

735758 (U.S. Mar. 23, 2009).  There is no cause of action for merely private conduct, no matter how discriminatory or wrongful. St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006); see Crissman v. Dover Downs Entm't, 289 F.3d 231, 243 (3d Cir. 2002) (stating private entities not converted into state actors merely because they receive funding from, and are regulated by, a state).

THE PLAINTIFFS do not credibly assert that the defendants acted under color of state law here.  Also, the plaintiffs have not demonstrated — and the Court has found no support in the case law outside of the context of prison conditions — that there is a federal constitutional right to "healthy and breathable air" under the Fifth Amendment or the Fourteenth Amendment.

THE COURT will therefore (1) grant the Separate Motions insofar as they seek summary judgment concerning the plaintiffs' claims asserted under federal law, and enter judgment in favor of each movant thereon, and (2) sua sponte dismiss the claims brought pursuant to federal law against the remaining defendants for failure to state a claim.[3]

---

[3] The plaintiffs also make one passing reference, which the Court will not address, to (1) the "Federal Clean Air Act", and (2) "ADA statutes", which appears to refer to the Americans with Disabilities Act.  (Compl. at 3.)  The Court notes that the plaintiffs are barred from bringing a private cause of action to recover damages for personal injuries under the Clean Air Act. See 42 U.S.C. § 7604; Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 108-09 (D.P.R. 2002); Abarca v. Chevron U.S.A., 75 F.Supp.2d 566, 571 (E.D. Tex. 1999).

**THE COURT** will also dismiss the entire Complaint insofar as it may be construed to assert claims pursuant to state law, but without prejudice to the plaintiffs to recommence the action insofar as it concerns state law in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint. See 28 U.S.C. § 1367(d) (concerning state law claims surviving dismissal of federal law claims); see also Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007) (concerning survival of state law claims when dismissed for lack of Section 1332 jurisdiction); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980) (same).  As a result, the Court will also deny the Separate Motions without prejudice to the extent that they seek relief as to the claims asserted under state law.

**THE PLAINTIFFS** may now proceed on their state law claims in state court within thirty days of entry of the Order and Judgment that will be issued in conjunction with this Memorandum Opinion. The Court notes that one plaintiff — John Anthony Balazinski, Jr. ("Mr. Balazinski") — appears to be acting on behalf of all of the plaintiffs.  If this action were to remain before this federal district court, Mr. Balazinski's continued representation of the other plaintiffs would be problematic, as he is not an attorney. In any event, Mr. Balazinski may not be aware that most of his submissions (1) contain extraneous information, (2) betray an

8

understandable lack of familiarity with legal procedure, and (3)
generally violate Federal Rules of Civil Procedure 8 and 10.
(<u>See, e.g.</u>, 10-24-08 Pls. Request to Strike at 7 (stating, "As
stated on the Statue of Liberty, 'huddled masses yearning to
**<u>BREATHE</u> <u>FREE</u>'**, is internationally known as representing the
<u>Freedom</u> that the United States stands for, so is the air to
freely breathe that is not only life sustaining but an actual
representation of Freedom"); Compl. (amounting to approximately
ninety pages).)  If Mr. Balazinski chooses to proceed in state
court on his state law claims — as he is now barred from
proceeding before this federal district court — then the Court
would advise him to consult with an attorney.  He is doing
himself and the other plaintiffs a disservice by proceeding
without an attorney.

 **THE COURT** will issue an appropriate Order and Judgment.


         s/ Mary L. Cooper
         **MARY L. COOPER**
         United States District Judge

Dated:  March 25, 2009

9